| United States District Court | Bankruptcy Matter |
|---|---|
| Eastern District of Michigan | Civil Case Cover Sheet |

Bankruptcy Case:                                          District Court Label

**NM Holdings Co, LLC etal**          03-48939 -tjt
            **Debtor**                        06-4615-tjt

**Stuart Gold, Trustee**
            vs
**Deloitte & Touche, LLP**

Case: 2:08-cv-15283
Judge: Battani, Marianne O
MJ: Morgan, Virginia M
Filed: 12-29-2008 At 09:40 AM
BK APP IN RE: NM HOLDINGS CO (TAM)

Name, Address & Telephone # of attorney for moving party
Mark Shapiro, Attorney for Plaintiff          Matthew E. Wilkins, Attorney for Defendant
24901 Northwestern Hwy, Ste 611               150 West Jefferson, Ste 100
Detroit MI 482265                             Detroit MI 48226

**CAUSE OF ACTION/NATURE OF SUIT:** (This matter is referred to the district court for the following reasons)

| | | |
|---|---|---|
| _____ | [422] 28 U.S.C. 158 | Bankruptcy Appeal |
| _____ | [422] 28 U.S.C. 158 | Motion for Leave to Appeal |
| xxx | [423] 28 U.S.C. 157 (d) | Withdrawal of Reference per order entered by Judge Tucker on 10/16/08 |
| _____ | [423] 28 U.S.C. 157(c)(1) | Proposed Findings of Fact and Conclusions of Law |
| _____ | [423] 28 U.S.C. 157(c)(a) | Order of Contempt |

Attorney Signature/Deputy Clerk
        /s/ Gregg Greschak            Date:  December 24, 2008

**Bankruptcy Staff Use Only**

Please check as appropriate pursuant to LF 83.50(e)

__xxx__    This case has previously been given a civil case number __08-cv-14567__
           _____, and assigned to U.S. District Court Judge ___Marianne O Battani___ /VMM

_____    This is a new matter and not previously assigned to a district court judge.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

NM HOLDINGS COMPANY, LLC, et al.,

          Debtor.
_____/

Case No. 03-48939
(Jointly Administered)
Chapter 7
Judge Thomas J. Tucker

STUART A. GOLD, Trustee,

          Plaintiff,

v.

DELOITTE & TOUCHE LLP,

          Defendant.
_____/

Adv. Pro. No. 06-4615

### RECOMMENDATION TO THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF MICHIGAN THAT IT ENTER A FINAL ORDER DISMISSING PLAINTIFF'S NON-CORE CLAIMS IN THIS ADVERSARY PROCEEDING

This case came before the Court on Defendant "Deloitte & Touche LLP's Motion to Dismiss Plaintiff's First Amended Complaint" (Docket # 85), seeking an order dismissing with prejudice all of the claims in Plaintiff's First Amended Complaint (Docket # 79). Plaintiff's First Amended Complaint contains four counts: "Count I - Professional Negligence"; "Count II - Aiding and Abetting Breach of Fiduciary Duty"; "Count III: Disgorgement Of Fees"; and "Count IV - Fraudulent Transfers."

On this date, the Court entered an opinion regarding the motion to dismiss, and a separate order dismissing with prejudice Plaintiff's fraudulent transfer claim (Count I).

For the reasons stated in the opinion, the Court recommends to the United States District

Court for the Eastern District of Michigan that it enter a final order dismissing with prejudice all of the following non-core claims, with prejudice: Count I - Professional Negligence; Count II - Aiding and Abetting Breach of Fiduciary Duty; and Count III - Disgorgement of Fees. As required by 28 U.S.C. § 157(c)(1), the opinion states the Court's proposed findings of fact and conclusions of law with respect to the non-core claims.

The Court gives notice to the parties that Fed.R.Bankr.P. 9033 applies to the Court's proposed findings of fact and conclusions of law, relating to the non-core claims, stated in the opinion. That rule provides:

(a) Service

In non-core proceedings heard pursuant to 28 U.S.C. 157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law. The clerk shall serve forthwith copies on all parties by mail and note the date of mailing on the docket.

(b) Objections: time for filing

Within 10 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 10 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.

(c) Extension of time

The bankruptcy judge may for cause extend the time for filing objections by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing objections must be made before the time for filing objections has expired, except that a request made no more than 20 days after the expiration of the time for filing objections may be granted upon a showing of excusable neglect.

(d) Standard of review

The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

**Signed on October 16, 2008**                    /s/ Thomas J. Tucker
                                                   **Thomas J. Tucker**
                                                   **United States Bankruptcy Judge**

3